UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:26-cv-20987-LEIBOWITZ

KEINNE RODRIGUEZ CASAS,

     *Petitioner,*

*v.*

WARDEN, KROME NORTH
PROCESSING CENTER,

     *Respondent.*

_____/

## ORDER DENYING PETITION

**THIS CAUSE** comes before the Court upon the government's Response to the Court's Order to Show Cause [ECF No. 6] (the "Response"), filed on February 24, 2026.  Respondent maintains that Petitioner's Petition must be denied because Petitioner's detention arises under 8 U.S.C. § 1226(c)(1)(B), which requires the Attorney General to detain "any alien who—… is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  8 U.S.C. § 1226(c)(1)(B).  Upon due consideration, the Petition [ECF No. 1] is DENIED.

### I.     FACTUAL BACKGROUND

On February 13, 2026, Petitioner Keinne Rodrgriguez Casas ("Petitioner") filed a Petition for a Writ of Habeas Corpus.  [ECF No. 1].  Petitioner is a native and citizen of Cuba, who arrived in the United States at the Hidalgo, Texas Port of entry on March 8, 2019.  [ECF No. 6-1 at 1–2].  Upon entry, Petitioner was apprehended by Customs and Border Protection and taken into custody.  [*Id.*].

On March 21, 2019, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner as an immigration who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel

document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act. [Declaration of Deportation Officer Ricard J. Herrero ("Herrero Decl."), ECF No. 6-4 ¶ 9]. On April 9, 2019, Petitioner was released from custody on parole, which expired on April 8, 2020. [*Id.* ¶ 10].

On March 19, 2020, Petitioner filed Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to the Cuban Adjustment Act ("CAA"). [*Id.* ¶ 11]. On January 19, 2021, the application to adjust status was approved retroactive to March 8, 2019. [*Id.* ¶ 12]. Following the grant of his lawful permanent resident status, Petitioner moved the immigration court to terminate his removal proceedings. [*Id.* ¶ 13]. On March 19, 2021, the Immigration Judge terminated those proceedings. [*Id.* ¶ 14; *see also* ECF No. 6-6 at 1].

On January 19, 2023, Petitioner was arrested for aggravated assault with a firearm, possession of cocaine, possession of cannabis, improper exhibition of a weapon/firearm, and leaving the scene of an accident. [ECF No. 6-7 at 1]. On August 4, 2023, Petitioner was charged with assault, possession of cocaine, leaving the scene of an accident with property damage, and careless driving. [ECF No. 6-8 at 1]. On November 12, 2024, the Petitioner was found guilty of all charges. [ECF No. 6-9 at 1].

On October 30, 2025, Petitioner was encountered by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), in the Charlotte County Jail in Punta Gorda, Florida, after being arrested on a probation violation warrant. [ECF No. 6-1 at 2]. An Immigration Detainer was issued, and Petitioner's case was referred for further processing. [Herrero Decl., ECF No. 6-4 ¶ 18]. Petitioner was subsequently transferred to the Turner Guilford Knight Correctional Center in Miami-Dade County, Fl. [*Id.*]. An Immigration Detainer followed. [*Id.*]. On November 19, 2025, the DHS issued Petitioner a NTA charging him with removability under INA § 237(a)(2)(B)(i), for having been convicted of a violation of federal or state law after admission which

2

related to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. [ECF No. 6-12 at 4]. Petitioner is now being detained at the Krome North Service Processing Center in Miami, Florida. [ECF No. 1 ¶ 2]. Petitioner seeks relief from this Court in the form of an individualized bond hearing or immediate release from custody. [*See id.* ¶¶ 13, 15]. Petitioner is not entitled to the relief he seeks, and the Petition is, therefore, due to be dismissed.

## II.     LEGAL STANDARDS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Section 1227(a)(2)(B) of the INA provides that "[a]ny alien . . . shall . . . be removed if the alien . . . has been convicted of a violation . . . relating to a controlled substance[.]" 8 U.S.C. § 1227(a)(2)(B). A conviction for possession of cocaine is an offense "relating to a controlled substance[.]" *Chamu v. U.S. Attorney Gen.*, 23 F.4th 1325, 1327 (11th Cir. 2022). Section 1226(c)(1)(B) mandates the detention of any alien who had been convicted of a controlled substance offense. *See* 8 U.S.C. § 1226(c)(1)(B) ("The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(B)][.]") (emphasis added).

Under Section 1226(c), detention of an alien is statutorily authorized pending the outcome of deportation proceedings unless "[t]he Attorney General decides . . . that release of the alien from custody is necessary" for witness protection purposes, which is not an issue here. *See* 8 U.S.C. § 1226(c)(2). "By expressly stating that the covered aliens may be released 'only if' certain conditions are met, the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained

3

aliens under any other conditions." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2017) (citation omitted; emphasis in original). The Supreme Court thus holds Section 1226(c) "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness protection purposes." *Id.* at 305–06.

### III.   DISCUSSION

Petitioner moves for habeas relief on the grounds that his detention without a bond hearing before an immigration judge violates due process. [ECF No. 1 ¶ 13]. However, Petitioner is not entitled to a bond hearing because he is subject to mandatory detention due to his conviction for possession of cocaine. [*See* ECF No. 6-9 at 1; ECF No. 6-16 at 1]. Thus, Petitioner is being lawfully detained pursuant to 8 U.S.C. § 1227(a)(2)(B), and 8 U.S.C. § 1226(c)(1)(B). Accordingly, the Petition is denied on this ground.

Petitioner also contends his current detention has been unreasonably prolonged and that there is no significant likelihood of his removal is the near term. [ECF No. 1 ¶ 13]. Respondents counter that the argument lacks merit in two ways: (1) Petitioner — who has been in custody since November 2025 — has been detained a presumptively reasonable amount of time; and (2) Petitioner has not met his burden to show that removal is not reasonably foreseeable. [ECF No. 6 at 8–9]. As such, his five-months' detention without a bond hearing falls short of the time required for such detention to become unreasonable. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018) ("Accordingly, there is little chance that a criminal alien's detention is unreasonable until at least the six-month mark.").[1]

---

[1] Although *Sopo* was vacated, courts within this Circuit have continued to rely on it as persuasive authority and have applied its factors in habeas cases challenging immigration detention. *See Oscar v. Ripe*, 751 F. Supp. 3d 1324, 1330–31 (S.D. Fla. 2024) (collecting cases) ("district courts in this Circuit when confronted with these challenges continue to look to *Sopo I*'s multi-factor analysis to determine whether prolonged detention under § 1226(c) does, in fact, violate an alien's right to procedural due process"); *Gabrius v. Dep't of Homeland Sec.*, No. 24-CV-22680-JEM, 2024 WL 5046042, at *2, n.3 (S.D.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition [**ECF No. 1**] is **DENIED**.

2.  The *Clerk* is **DIRECTED** to **CLOSE** this case.  All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

3.  The *Clerk* is *further* **DIRECTED** to mail a copy of this Order to Petitioner.


**DONE AND ORDERED** in the Southern District of Florida on May 5, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE


cc:    Keinne Rodriguez Casas, *Pro Se*
       A# 201451345
       Krome North Service Processing Center
       Inmate Mail/Parcels
       18201 SW 12th Street
       Miami, FL 33194

---

Fla. Sept. 10, 2024) (collecting cases) ("[a]lthough *Sopo I* was vacated in light of the Supreme Court's decision in *Jennings v. Rodriguez,* 583 U.S. 281 (2018), courts within this Circuit continue to rely on it as persuasive authority and apply its factors in habeas cases challenging immigration detention.").